IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS SUPPLEMENTAL RETIREMENT FUND, and the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE & TRAINEE PROGRAM FUND, | ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. |
| vs. | ) ) ) | Judge |
| EMPIRE CONSTRUCTION COMPANY | ) ) ) | |
| Defendant. | ) | |

**COMPLAINT**

Now come the Plaintiffs, the Trustees of the Chicago Regional Council of Carpenters Pension Fund, et al., by their attorney, Nicholas E. Kasmer of McGann, Ketterman, & Rioux complaining of the Defendant, EMPIRE CONSTRUCTION COMPANY, and allege as follows:

1. This action arises under Section 502 of the Employee Retirement Income Security Act and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

2. The Chicago Regional Council of Carpenters Pension Fund, the Chicago Regional Council of Carpenters Welfare Fund, Chicago Regional Council of Carpenters

Supplemental Retirement Funds, and the Chicago Regional Council of Carpenters Apprentice Training Fund ("Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the Chicago Regional Council of Carpenters, ("Union"), and therefore, are multiemployer plans. (29 U.S.C. §1002). The Trust Funds are administered at 12 East Erie, Chicago, Illinois and venue is proper in the Northern District of Illinois.

  3. EMPIRE CONSTRUCTION COMPANY, is an employer engaged in an industry affecting commerce entered into a Collective Bargaining Agreement whose terms require itself to pay fringe benefits to the Trust Funds.

  4. The Collective Bargaining Agreement also binds EMPIRE CONSTRUCTION COMPANY, to the provisions of the Agreement and Declarations of Trust that created the Trust Funds ("Trust Agreements").

  5. EMPIRE CONSTRUCTION COMPANY is required to make contributions to the Trust Funds for each hour worked by its carpenter employees at the rate and in the manner specified in the Collective Bargaining Agreements and Trust Agreements. In addition, EMPIRE CONSTRUCTION COMPANY, is required to make contributions to the Trust Funds measured by the hours worked by subcontractors that are not signatory to a Collective Bargaining Agreement with the Union.

  6. Pursuant to the provisions of the Trust Agreements and the Collective Bargaining Agreements, EMPIRE CONSTRUCTION COMPANY, is required to provide

access to the records necessary for the Trust Funds to determine whether there has been compliance with the obligation to contribute to the Trust Funds.

7. EMPIRE CONSTRUCTION COMPANY breached the provisions of the Collective Bargaining Agreement by failing to allow Plaintiffs to complete an audit of Defendant's books and records for the period June 2019 through June 2020, after demand for audit was made upon EMPIRE CONSTRUCTION COMPANY.

8. Plaintiffs have been required to employ the undersigned attorneys to compel the audit of the Defendant's books and records.

9. EMPIRE CONSTRUCTION COMPANY, is obligated to pay the attorney and auditor fees and court costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreements, the Trust Agreements and/or 29 U.S.C. §1132(g)(2)(D).

10. According to the Collective Bargaining Agreement, the Trust Agreements and/or 29 U.S.C. §1132(g), EMPIRE CONSTRUCTION COMPANY, is obligated to pay any fringe benefit contributions shown to be due upon completion of the audit, as well as liquidated damages and interest.

11. Pursuant to 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to an amount equal to the greater of:

    (a)    double interest; or
    (b)    interest plus liquidated damages.

WHEREFORE, Plaintiffs pray:

A. That the Defendant, EMPIRE CONSTRUCTION COMPANY, be required to provide access to its records within ten (10) days for the period of June 1, 2019 through June 30, 2020, so that the audit can be completed.

B. That Defendant, EMPIRE CONSTRUCTION COMPANY, be ordered to pay all contributions shown to be due upon completion of the audit.

C. That Defendant, EMPIRE CONSTRUCTION COMPANY, be ordered to pay the attorney and auditor fees and costs incurred by the Plaintiffs.

D. That Defendant, EMPIRE CONSTRUCTION COMPANY, be ordered to pay liquidated damages and interest.

E. That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendant's cost.

        Respectfully Submitted,
        TRUSTEES OF THE CHICAGO REGIONAL
        COUNCIL PENSION FUND et al.

        s/Nicholas E. Kasmer
By: _____
        Nicholas E. Kasmer

Nicholas E. Kasmer
Attorney for Plaintiffs
McGann, Ketterman, & Rioux
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601

4